## CAPACITY TO MAKE A WILL.

[Circuit Court of Licking County.]

WELSH HILLS BAPTIST CHURCH v. HARRIET M. WILSON ET AL.*

Decided, March Term, 1905.

*Wills—Charge of Court as to Capacity to Make—Tests and Evidence of Testamentary Capacity.*

The fact that one paragraph of a charge given to the jury might be misleading, if standing alone, does not constitute reversible error, when the doubtful paragraph taken in connection with that part of the charge which immediately follows affords a clear and correct statement of the law. Nor is it error to charge that "it is necessary a person shall have sufficient mental capacity for the transaction of the ordinary affairs of life," when this was followed in a later paragraph by the express statement that "he need not have sufficient capacity to make a contract, but must understand substantially what he is doing and the nature of the act in which he or she is engaged."

A. A. Stasel and G. C. Daugherty, for plaintiff, cited as to the tests of testamentary capacity: *Pepple* v. *Pepple*, 13 C. C., 43; *Kettemann* v. *Metzger*, 3 C. C.—N. S., 224; Page, Wills, Section 68; Thompson, Trial Ev., Section 1121; *West* v. *Knoppenberger*, 4 C. C.—N. S., 305; Underhill, Wills, Section 87.

Hunter & Hunter and Kibler, Kibler & Montgomery, for defendants, contended that a sufficient understanding to transact ordinary business is strong evidence of testamentary capacity, though the want of such understanding does not necessarily show incapacity. *Brockmeier* v. *Buck*, 12 Bull., 213.

They also cited with reference to special requests for instructions to the jury: *Hall* v. *Reed*, 17 Ohio, 498; *Cleveland & E. Elec. Ry.* v. *Hawkins*, 64 Ohio St., 391; *United States Board & Paper Co.* v. *Browne*, 1 C. C.—N. S., 345; *Tracy* v. *Card*, 2 Ohio St., 431; *Lewis* v. *State*, 4 Ohio, 389; *Stewart* v. *Southard*, 17 Ohio, 402; *Reed* v. *McGrew*, 5 Ohio, 375; *Creed* v. *Bank*, 11 Ohio, 489; *Stewart* v. *State*, 1 Ohio St., 66; *Gill* v. *Sells*, 17

---

* Affirmed by the Supreme Court without report, 75 O. S., ——.

Ohio St., 195; *Oliver* v. *Sterling*, 20 Ohio St., 391; *Coal Co.* v. *Estievenard*, 53 Ohio St., 43; *Kettemann* v. *Metzger*, 3 C. C.—N. S., 224.

As to testamentary-capacity: Page, Wills, Section 97, p. 115; *Blough* v. *Parry*, 144 Ind., 463 (40 N. E. Rep., 70); *Moore* v. *Caldwell*, 27 O. C. C., 449; Black's Dictionary, 767, 1107, 1108; *McGinnis* v. *Kempsey*, 27 Mich., 363.

And with respect to reversible error: *McAllister* v. *Hartzell*, 60 Ohio St., 69; *Clark* v. *Clark*, 16 C. C., 103; *Schweinfurth* v. *Railway*, 60 Ohio St., 215; *Breck* v. *State*, 4 C. C., 160; Page, Wills, Section 400.

*Per Curiam.*

Harriet M. Wilson et al commenced their action in the Court of Common Pleas of Licking County against Andrew J. Cada et al, seeking to set aside the last will and testament of Hannah E. Thomas, deceased, and on issue joined, the cause went to a jury for determination.

After a verdict, the plaintiff in error prosecuted error to this court seeking to reverse the judgment of the court of common pleas; and the sole question presented here is on the charge of the court.

On the trial of the case, counsel for defendants requested the court, in writing, before the argument to the jury, to give to the jury the special instruction found on page 12 of the bill of exceptions, which the court refused to give; this is one of the errors complained of by the plaintiff in error.  If this instruction, so asked by counsel, was correct and proper, it was the duty of the court to have given it without modification and without change; but, as we view the request, it is not a correct instruction, as it omits several very important and vital elements defining mental capacity.  Counsel request the court to say that, "The testatrix must have capacity to remember the person or parties to whom she wishes to give this property, and remember and know her immediate relatives."

Taking this request as a whole, counsel in taking it from the well-known authorities on instructions to juries, eliminated several very essential and, as we think, vital elements, and modified

and restricted the definition of mental capacity in the respects as indicated, so that it was improper to be given in the form as requested. We think the court was not in error in refusing this request.

The charge as given to the jury is also excepted to, and our attention is directed to a parargaph on page 5 of the bill of exceptions, which reads as follows:

"In order to be able to make a valid will, it is necessary that a person shall have sufficient mental capacity for the transaction of the ordinary affairs of life, and if he possesses this, though he may be feeble in mind and body from sickness, old age or other cause, he has a legal right to dispose of his property as to him may seem fitting and proper."

If this portion of the charge stood alone without any modification, it perhaps might be misleading; but taken in connection with what immediately follows, and particularly with what follows in the second paragraph below, we do not think the jury could have been misled. Nor is the question made in this case, as claimed by counsel for plaintiff in error, that the court instructed the jury that testamentary capacity must equal that of capacity to make a contract, for the court distinctly says, and immediately following upon this paragraph that is objected to:

"The law does not undertake to test a person's intelligence or to find the exact quality of mind and memory which a testator must possess; but it does require him to be capable of knowing the extent and value of his property, the names or relationship of those persons who are the natural objects of his bounty; their deserts in reference to their conduct and treatment of him or her; their conditions and necessities, and be capable of retaining all of these facts in his or her memory long enough to have the will prepared and executed. He or she need not have sufficient capacity to make a contract, but he or she must understand substantially what he or she is doing, the nature of the act in which he or she is engaged, the extent of his or her property, the relations of others who may or ought to be the object of his or her bounty," etc.

We think the court fairly presented to the jury the true thorities in this country and England, as shown by the latest

rule of testamentary capacity, as approved by the highest au-
works on the subject of wills. It is our opinion that no error
intervened in this case, and that the judgment of the court of
common pleas should be affirmed.

Judgment for costs, and cause remanded to the court of com-
mon pleas for execution.

*A. A. Stasel* and *G. C. Daugherty*, for plaintiff.

*Hunter & Hunter* and *Kibler, Kibler & Montgomery*, for de-
fendants.